United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>          Plaintiff,<br><br>   v.<br><br>OSMIN ANTONIO LOPEZ-OTERO,<br><br>          Defendant. | Case No. 14-cr-00504-JSC-1<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION OF PROBATION**<br><br>Re: Dkt. No. 12 |

Defendant Osmin Lopez-Otero pled guilty and was convicted of carrying and storing an open container of alcohol on a motor vehicle in violation of 36 C.F.R. § 4.14(b). The Court adopted the parties' recommended sentence, and sentenced Mr. Lopez-Otero to three years of probation among other terms. Having now completed 16 months of the 36-month term, he moves for termination of his probation. After carefully considering his petition, and having had the benefit of oral argument on July 28, 2016, at which Mr. Lopez-Otero was present, the Court DENIES the request.

## DISCUSSION

A trial judge may terminate a previously-ordered term of probation for a misdemeanor conviction at any time after considering the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564(c). Probation may be terminated if the court "is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). The trial court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett,* 749 F.3d 817, 819 (9th Cir. 2014).

After considering the section 3553(a) factors, the Court finds that early termination of probation is not in "the interest of justice." At the time of the offense at issue, Defendant was in

his early 20's. Although he was driving, his blood alcohol was greater than the legal limit, he had an open container of alcohol in the car, and his passenger was not wearing a seatbelt. He was stopped on a Sunday afternoon in July in the Presidio National Park, an area teeming with people. The nature and circumstances of his offense weigh in favor of his remaining on probation so that the Court can be assured that when he finally finishes his probationary term he will not again pose a danger to the public. See 18 U.S.C. § 3553(a)(1). Three years of probation gives the Probation Department and the Court sufficient time to determine if Defendant has needs that require greater intervention, especially given his youth at the time of his offense and that it involved violations of the law other than solely driving with an excess blood alcohol level. Further, Defendant has offered evidence that prior to his conviction he did not do much other than work and "partying' on his days off," but that since his conviction he has changed his ways. (Dkt. No. 13-4.) This change in behavior—while applauded and expected—does not mean that probation is unnecessary; to the contrary, it suggests being on probation has had a salutary effect on Defendant. See 18 U.S.C. § 3553(a)(2).

Defendant's citation to non-binding policy documents is not persuasive. This Court must follow 18 U.S.C. § 3564(c) and the factors set forth in section 3553(a). Having done so, the Court finds that the sentence it originally imposed on Defendant remains consistent with the section 3553(a) factors and in the interest of justice and that Defendant's compliance with the terms of his probation does not suggest otherwise. Accordingly, the motion to terminate probation early is DENIED.

**IT IS SO ORDERED.**

Dated: August 3, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge